Singh v. Sessions

BIA
Poczter, IJ
A205 934 797

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED
ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE
(WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        REENA RAGGI,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

BIKRAMJIT SINGH,
        *Petitioner,*

v.                                                    15-4111
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights,
                         New York.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bikramjit Singh, a native and citizen of India, seeks review of a November 27, 2015 decision of the BIA affirming a May 6, 2015 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bikramjit Singh,* No. A205 934 797 (B.I.A. Nov. 27, 2015), *aff'g* No. A205 934 797 (Immig. Ct. N.Y.C. May 6, 2015). Where, as here, the BIA does not expressly "adopt" the IJ's decision, but closely tracks its reasoning, we review both the IJ's and the BIA's opinions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66

2

(2d Cir. 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

In assessing an asylum applicant's credibility, the agency may, "considering the totality of the circumstances," base an adverse determination on the applicant's "demeanor, candor, or responsiveness," inconsistencies between an applicant's oral and written statements, and inconsistencies between an applicant's statements and other record evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's conclusion that Singh was not credible.  The agency identified multiple inconsistencies between Singh's testimony, asylum application, and other record evidence regarding significant aspects of his claim, including the number of times he was attacked, the date he joined the Akali Dal Mann Party and began receiving threats from the Badal Party, and whether the police beat him in September 2012.  These inconsistencies are reflected in the record, and Singh's proffered justifications compel no

3

different result.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Singh nevertheless faults the agency's adverse credibility determination, arguing that a Mann Party letter—which was deemed inconsistent with Singh's testimony regarding the beatings—was based upon secondhand and possibly inaccurate information.  The argument fails because Singh testified that the letter's author was aware of everything that had happened to Singh.  As for Singh's omission of certain beatings, even if this was inadvertent, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006) (holding asylum applicant not required to list all instances of persecution), that would not bear on inconsistencies in and between his accounts of a September 2012 encounter with the police, *see Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (concluding that petitioner's "asylum application did not simply omit incidents of persecution" but rather "described the same incidents of persecution differently").  Nor would it mitigate Singh's initial failure to discuss purported threats beginning in 2010—two years before the first alleged attack and a year before he claimed to have joined the Mann Party.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3

(observing that inconsistency and omission are "functionally equivalent" for credibility purposes).

The adverse credibility determination was bolstered by Singh's submission of affidavits—from two different individuals—that employed nearly identical language. *See Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding adverse credibility determination based in part on "nearly identical language" in affidavits). Singh's contention that the similarity is explained by the use of the same translator is not compelling because Singh testified that the affiants prepared the documents independently, and the affidavits themselves do not acknowledge assistance in preparation. *See Majidi*, 430 F.3d at 80-81.

Finally, the agency's reliance on Singh's demeanor in finding him not credible was supported by Singh's nonresponsive answers on cross examination. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (concluding that petitioner's evasive and nonresponsive testimony supported adverse credibility ruling).

Given the various concerns raised by Singh's testimony, statements, and evidence, we conclude that the totality of the circumstances supports the agency's adverse credibility

5

ruling. *See Xiu Xia Lin*, 534 F.3d at 167. Because Singh's claims for relief were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6